UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KIMBERLY MCCLAIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 3:07-CV-113 AS |
| ) | |
| **T.P. ORTHODONTICS and CASSIA** ) | |
| **CAMPOY** ) | |
| ) | |
| **Defendant.** ) | |

*MEMORANDUM OPINION AND ORDER*

Before this Court is Defendant T.P. Orthodontics and Cassia Campoy's ("Defendants") Partial Motion to Dismiss filed on May 15, 2007 (Docket No. 8). On May 15, 2007 Plaintiff Kimberly McClain ("Plaintiff") responded to the Motion (Docket No. 10), to which Defendants replied on May 29, 2007 (Docket No. 15). On June 29, 2007 this Court heard oral arguments on the motion in South Bend, Indiana.

In Defendants' Partial Motion to Dismiss, Defendants argue that Defendant Cassia Campoy ("Campoy") should be dismissed from Count I of the Complaint alleging Sexual Harassment and Discrimination pursuant to Title VII of the Civil Rights Act of 1964 because Campoy cannot be individually liable under Title VII. Defs' Memo in Support at 1-2 (citing *Molnar v. Booth*, 229 F.3d 593, 599 (7th Cir. 2000); *Sattar v. Motorola, Inc*., 138 F.3d 1164, 1168 (7th Cir. 1998); *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995)). In addition, Defendants argue that since Plaintiff's Charge of Discrimination was filed solely against T.P. Orthodontics, and not against Campoy, then the Plaintiff failed to

exhaust her administrative remedies with respect to her claims against defendant Campoy and such claims against Campoy should be dismissed. *Id.* at 2.

Plaintiff, by counsel, agreed and stipulated, both in its response and during oral argument that Title VII does not impose supervisor or individual liability, but Plaintiff also asserts that the Complaint does not assert a Title VII claim against Campoy. *See* Plf's Response at 1. Therefore, Plaintiff argues that the Partial Motion to Dismiss should be deemed moot by operation of law, as opposed to entering an order of dismissal. *Id.* Plaintiff confirmed that the state law claims of Intentional Infliction of Emotional Distress, Tortious Interference with Contract, and Defamation (Counts II, IV, and V) are asserted against Defendant Campoy. *Id.*

The parties have agreed, and this Court now holds, as clearly supported by Seventh Circuit case law, that Title VII of the Civil Rights Act of 1964 does not and cannot impose individual liability on Defendant Campoy. *See Molnar*, 229 F.3d at 599; *Sattar*, 138 F.3d at 1168; and, *Williams,* 72 F.3d at 553. Although Plaintiff admits that she does not state a claim against Defendant Campoy under Title VII, the Court notes that the Plaintiff's Complaint specifically states in Count I (Title VII claim) that "the Plaintiff has timely brought this action against the Defendants." Complaint at ¶ 27. Therefore, despite the other references only to T.P. Orthodontics in Count I, it certainly appears that Plaintiff has alleged violations of Title VII by both defendants. As such, Defendant Cassia Campoy is dismissed with respect to Count I of the Complaint; however, Campoy is not

dismissed at this time from any remaining counts to which Campoy has been named a Defendant. Accordingly, Defendants' Partial Motion to Dismiss (Docket No. 8) is **GRANTED**, in that Defendant Campoy is **dismissed with prejudice** as to Count I, the Title VII claim.

**SO ORDERED**.

**DATED: June 29, 2007**

                                                S/ ALLEN SHARP
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**