UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIMBERLY MCCLAIN, ) | CASE NO.: | 3:07-CV-0113 AS |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| TP ORTHODONTICS and ) | | |
| CASSIA CAMPOY, ) | | |
| Defendants. ) | | |

### Plaintiff's Response to Defendants' Motion to Disqualify The Law Firm of Friedman & Associates, P.C. From Participating As Advocate in This Cause

Comes now the Plaintiff, by counsel Shaw R. Friedman of Friedman & Associates, P.C., and for her response to the Defendants' Motion to Disqualify would aver as follows:

1. That Defendants' counsel seeks to "manufacture" a conflict of interest in order to force the recusal of Friedman & Associates, P.C., and such Motion has been presented for an improper purpose which is to harass or cause unnecessary delay or needless increase in the cost of litigation to the Plaintiff.

2. That despite having been requested since April 6, 2007 (See Exhibit "D" of Defendant's Motion) to cite an actual conflict and supporting case law for such claim, defense counsel has abjectly failed to do so. Indeed, such April 6, 2007 email from the law firm of Friedman & Associates, P.C. requests that counsel "cite an actual conflict that potentially exists for this firm." Defense counsel was further requested to provide an ethics opinion "that was on point".

3. That during the entire period where counsel corresponded on this issue, defense counsel could only conjecture or speculate about some presumed conflict of interest. Indeed, defense counsel shifted from initially claiming that a conflict exists under Rule 1.7 to Rule 1.8. Further, Defendants initially claimed that TP Management could assert the conflict (See Exhibit "C") and then later shifted that it now was asserting the conflict on behalf of minority shareholders. (See Exhibit "E").

4. That at no time has there ever been evidence provided that the law firm of Friedman & Associates, P.C. owes a duty of loyalty to the Defendants. At no time has

Friedman & Associates, P.C. represented either the defendant corporation or its current chief executive officers, Andrew Kesling. Friedman & Associates, P.C. represents various minority shareholders whose interests are adverse to and in conflict with those of current management. (See attached Affidavit of Emily Kesling, which is identified as Exhibit "1" to this pleading).

5. That on May 17, 2007 (See Exhibit "F" of Defendants' Motion), a request was made of defense counsel that the issue of a "purported claim of conflict" not be allowed to "linger over this litigation any longer" and that any motion for recusal should be promptly filed. Instead, defense counsel delayed any such filing and now revives this issue to delay participating in discovery. (See attached Exhibit "2"). In an email dated October 20, 2007, a summary of occasions is listed where dates were sought for the deposition of Defendant Cassia Campoy.

6. That at no time has defense counsel cited an ethics opinion or case on point that would force the recusal of the law firm of Friedman & Associates, P.C. Indeed, defense counsel have made inappropriate claims in the course of its Motion to force recusal. Counsel has seemingly ignored the litigation now extant between one or more minority shareholders seeking to overturn or challenge current management that have been brought by minority shareholders. (See Emily Kesling Affidavit). The interests of minority shareholders and the majority shareholders are not one and the same and defense counsel's attempt to manufacture a concurrence or similarity of interests is not supported by any case law.

7. That while it is universally held that "an attorney is by virtue of his office disqualified from representing interests which are adverse in the sense they are hostile, antagonistic or in conflict with each other," *State v. Robbins*, 221 Ind. 125, 149 (1943), defense counsel is able herein only to cite the highly speculative claim that if a judgment were obtained, that these minority shareholders would somehow be harmed or damaged. As the Emily Kesling Affidavit makes clear, the instant litigation is being defended by the corporation's insurance counsel and presumably any judgment or settlement would be paid by insurance funds, not from shareholder funds. Indeed, minority shareholder Emily Kesling feels that a far more concrete and

definite harm is for her brother Andrew to remain as chief executive officer of the company founded by her father, Dr. Peter Kesling. (See Exhibit "1" attached.)

8. That by invoking a conflict, Defendants seek to hold minority shareholders to some kind of duty of loyalty to current management when no such obligation exists under the law. Indeed, Indiana law is replete with instances where minority shareholders can assert various claims, including demands for documents, (i.e. I.C. 23-1-52-2, et seq.) or bring claims to redress other grievances. In general, a shareholder in Indiana may bring a derivative action or direct action. A direct action is one that is initiated by a shareholder on his own behalf and in his own name to vindicate rights belonging to the shareholder himself. *2 Principles of Corporate Governance, Section 7.01; G&N Aircraft v. Boehm*, 743 N.E.2d 227, 234 (Ind. 2001). Defendants have posited no authority to support their position that minority shareholders and by extension their legal counsel owe some duty of loyalty to incumbent management or are somehow prohibited from asserting claims or possessing interests that are adverse to the majority shareholder.

**WHEREFORE**, Plaintiff, by counsel, would respectfully request that the Court deny the Defendants' Motion to disqualify the law firm of Friedman & Associates, P.C. from representing the Plaintiff in the instant litigation, and for all other relief deemed just and proper in the premises.

Respectfully submitted,
FRIEDMAN & ASSOCIATES, P.C.

/s/ Shaw R. Friedman
Shaw R. Friedman #8482-46
705 Lincolnway
LaPorte, IN  46350
(219) 326-1264
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of November, 2007, a true and accurate copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kim F. Ebert, Esq.
kim.ebert@ogletreedeakins.com


Bonnie L. Martin, Esq.
bonnie.martin@ogletreedeakins.com


/s/ Shaw R. Friedman
Shaw R. Friedman  #8482-46
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIMBERLY MCCLAIN, <br> Plaintiff, <br><br> vs. <br><br> TP ORTHODONTICS and <br> CASSIA CAMPOY, <br> Defendants. | CASE NO.: 3:07-CV-0113 AS |

**AFFIDAVIT OF EMILY KESLING**

Comes now the Affiant, Emily Kesling, and being first duly sworn upon her oath, deposes and states as follows:

1. That I have personal knowledge of and am competent to testify as to the facts contained herein.

2. That I am a minority shareholder of T.P. Orthodontics, Inc., and am represented by the law firm of Friedman & Associates, P.C.

3. That T.P. Orthodontics is an orthodontics manufacturing firm producing brackets, bands, tubes, wiring and other orthodontics equipment for distribution and sale to various orthodontists around the world. The company was founded in 1955 by my grandfather, Dr. Harold Kesling and his son (my father) Dr. Peter C. Kesling. The company, while closely held, has become – under both my grandfather and father's leadership – a well respected and established firm in the orthodontics industry.

4. That my brother Andrew, having been a minority shareholder and employee of T.P. Orthodontics, somehow convinced my father in 2004 to sell him majority control of the company. My father, who was then serving in a consulting role only to the company, has since regretted his surrender of majority control to my brother Andrew. My father has brought various challenges to my brother Andrew's control of the company, culminating in his filing of a lawsuit captioned *Peter C. Kesling v. Andrew C. Kesling,* Case No.: 3:06-CV-00805-PPS-CAN, which seeks to void the 2004 stock transaction and revert control to my father

Exhibit "1"

based on various claims of fraud and breach of contract against my brother Andrew.

5. That the law firm has represented both my brother Adam and myself in other litigation against Andrew Kesling. Specifically, the law firm of Friedman & Associates, P.C. sought and gained us intervenor status in my brother Andrew's divorce proceeding that is now pending in LaPorte Superior Court No. 2 under the caption of *Dorothy Kesling v. Andrew Kesling*, Cause No.: 46D02-0509-DR-206. Such intervention was permitted by the court to permit our counsel a means to protect our respective investment interests in another Indiana corporation controlled by our brother Andrew, specifically Encore Enterprises II, LLC.

6. That the law firm of Friedman & Associates, P.C. has been requested by me to take any and all measures available under the law to protect our interests in T.P. Orthodontics and that includes demanding full and complete financial records of all aspects of the corporation. Our brother Andrew has undertaken various actions, including the firings of long-time dedicated employees as well as the mismanagement of certain company assets and product lines that have placed the company and its future at risk.

7. That I am and have been aware that Mr. Friedman has represented a former employee who has brought a claim of sexual harassment against Ms. Cassia Campoy and T.P. Orthodontics. It is my understanding that such claim is covered under the company's insurance policy and that any judgment would likely be paid by such carrier. I cannot fathom how such litigation places me or my interests at risk and see no conflict with my interests as a minority shareholder.

8. That I do not believe it is the place of current chief executive officer Andrew Kesling to assert a conflict exists between Ms. McClain's case and my interests as a minority shareholder. Neither Mr. Friedman nor his law firm have ever represented Andrew Kesling or the current management of T.P. Orthodontics.

9. That of far more concern to me as a minority shareholder is the continued status of Andrew Kesling as chief executive officer of my family's company. Andrew Kesling's leadership poses a grave threat to the stability and integrity of a company that my family spent decades building. Mr. Friedman's firm has

vigorously and consistently promoted the interests of minority shareholders who are committed to accountability in the leadership of the company. I have and will continue to support my father's efforts to regain control of this firm.

10. That at no time, to my knowledge, have the circumstances or facts giving rise to the matter of *McClain v. T.P. Orthodontics, Inc., et al* been shared or discussed at shareholders' meetings of T.P. Orthodontics. Mr. Friedman in holding my proxy at such shareholders meetings would not have been privy to any litigation strategy involving such litigation which instead would have been reserved for discussion at a board of directors' meeting. While financial matters are often discussed at shareholder meetings, at no time has there been discussion of amounts dedicated to the defense of this particular piece of litigation, nor to amounts dedicated to expert witnesses or even particulars of the insurance coverage pertaining to such claim. In short, Mr. Friedman's status as my proxy gave him no insight or inside knowledge of the company's defense strategy.

11. That the claims by current management that a judgment by Ms. McClain could somehow damage or impair my interests as a minority shareholder are nothing but speculation and conjecture. Furthermore, the company's most recent annual report issued just within the past few months makes no mention of the litigation nor does it indicate that such litigation poses a material or direct threat to shareholders. Finally, it is my understanding that an insurance carrier has appeared and is defending on the company's behalf, meaning that any judgment would have to be paid by such carrier. Any efforts by the majority shareholder – Andrew Kesling – to claim that Mr. Friedman's representation of Ms. McClain poses a threat to minority shareholders is a sham. The largest threat to minority shareholders is Andrew Kesling's continuing role as chief executive officer of our family's company and I intend to do all in my power to support my father's litigation and his ongoing efforts to return this company into deserving and proper hands.

Further affiant sayeth not.

_____
Emily Kesling

STATE OF INDIANA    )
                    ) SS:
COUNTY OF LAPORTE   )

Subscribed and sworn to before me, a Notary Public in and for said County and State, personally appeared Emily Kesling, and swore and affirmed under the pains and penalties for perjury that the above and foregoing representations are true and accurate to the best of her knowledge, information and belief.

_____
Notary Public
Resident of LaPorte County

My Commission Expires:

MELISSA E. NASH
LA PORTE COUNTY
My Commission Expires
January 27, 2009