UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIMBERLY MCCLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   3:07cv0113 AS |
| | ) |
| TP ORTHODONTICS and | ) |
| CASSIA CAMPOY, | ) |
| | ) |
| Defendants. | ) |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY THE LAW OFFICE OF FRIEDMAN & ASSOCIATES FROM PARTICIPATING AS AN ADVOCATE IN THIS CASE

Defendants TP Orthodontics, Inc. and Cassia Campoy, for their Reply Brief in Support of Motion to Disqualify the Law Office of Friedman & Associates from Participating as an Advocate in this Case, state as follows:

### I.    Introduction

Friedman continues to misapprehend the standard by which the Court must evaluate a conflict of interest under the Indiana Rules of Professional Conduct.  While Friedman repeatedly states defendants have offered only "conjecture" and "speculation" of a conflict of interest, he ignores the Indiana Court of Appeals' directive that the "mere possibility of adverse effect upon the exercise of free judgment prevents a lawyer from representing clients with opposing interests." *Robertson v. Wittenmyer*, 736 N.E.2d 804, 809 (Ind. Ct. App. 2000).  Drew Kesling's affidavit presented evidence beyond a "mere possibility."  Further bolstering the evidence provided by Drew Kesling's affidavit, Friedman's client-shareholder Emily Kesling's affidavit removes any doubt that Plaintiff Kimberly McClain's interests are directly adverse to the client-shareholders; the absence of any supporting affidavit from McClain only solidifies the conflict. Friedman & Associates must be disqualified as counsel for McClain in this case.

**II.     Client-Shareholder Emily Kesling's Affidavit Underscores Friedman's Conflict of Interest.**

As with his correspondence on this issue, Friedman's Response misstates the nature of the conflict alleged. Defendants are not alleging that Friedman cannot assert claims adverse to the majority shareholder, or that Friedman owes a duty of loyalty to Drew Kesling or "current management." Rather, Friedman's duty of loyalty extends to his clients, including the client-shareholders, whose interests are bound up in the success of TP Orthodontics, Inc. Emily Kesling's affidavit, submitted in support of Friedman's opposition to Defendants' Motion to Disqualify, demonstrates how such interests oppose McClain's.

Though Ms. Kesling states that she "cannot fathom how such litigation places me or my interests at risk" (Emily Kesling Aff., ¶ 7), the conflict of interest is manifest. Ms. Kesling attests to her concern for the "stability and integrity of a company that my family spent decades building." (Emily Kesling Aff., ¶ 9) The "stability and integrity" of TP Orthodontics, Inc. is in direct conflict with Kimberly McClain's complaint alleging claims of harassment, discrimination, negligent retention and intentional infliction of emotional distress against the same company. (McClain Compl. ¶¶ 23, 24, 30, 33) McClain's request for special, general and punitive damages is not vague, but rather the complaint alleges TP Orthodontics acted with "malice" and "reckless disregard." (McClain Compl. ¶ 23) Notwithstanding the financial hardship of litigation on a business, even should such litigation conclude successfully, Ms. Kesling's affidavit fails to acknowledge the unmistakable conflict between allegations like McClain's and the "stability and integrity" of the company over which she is fighting. Further, Emily Kesling concedes that financial matters are "often discussed" at shareholder meetings, and does not foreclose the possibility that the McClain case would be discussed. (Emily Kesling Aff. ¶ 10)

### III. The Absence of Kimberly McClain's Affidavit Further Underscores the Preeminence of the Client-Shareholders' Interests Over McClain's Interests.

Despite Defendants' assertion of Friedman's conflict of interest, Friedman presented no affidavit from his client McClain, the plaintiff in the case at bar.[1]  Though McClain's consent could not nullify the conflict, the absence of any statement from McClain, or reference to her interests, is telling.  We will assume for purposes of this motion, as Friedman has argued, that Friedman has "vigorously and consistently promoted the interests of the minority shareholders." (Emily Kesling Aff., ¶ 9)  However, Friedman's vigorous and consistent promotion of the client-shareholders' interests is at McClain's expense in this case, and compromises the public's trust in the integrity of the judicial process.  Such promotion is indeed what the Advisory Committee cautioned against when it warned that a client in McClain's position may reasonably fear that her attorney (Friedman) may pursue her case less effectively out of deference to his other client (the client-shareholders).  (See Ind. R. Prof. Cond. 1.7 (Comment 6))

### IV. Conclusion

Friedman's conflict of interest in this case, now firmly established by the evidence, is not hastily asserted.  However, despite being on notice of the perceived conflict and Defendants' investigation of the same, Friedman's participation in the September 25, 2007 shareholder meeting removes any doubt about his conflict of interest, and sets Friedman's violation of the Indiana Rules of Professional Conduct in stark relief.  Here, there can be no serious doubt that Friedman's dual representation adversely affects the exercise of free judgment required by the Indiana Rules of Professional Conduct to maintain the integrity of the judicial process.  Friedman has not disputed Defendants' assertion that any disqualification of Friedman is also imputed to Friedman & Associates pursuant to Ind. R. Prof. Cond. 1.10.  Accordingly, Friedman &

---

[1] Friedman also presented no affidavit from client-shareholder Charlene Kesling, whom he recently represented at the September 25, 2007 shareholder meeting.

Associates, specifically including Shaw Friedman, must be disqualified from acting as advocates for Plaintiff Kimberly McClain in this case.

        Respectfully submitted,

        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

        s/ Bonnie L. Martin
        Kim F. Ebert, #6649-49
        Bonnie L. Martin, #20248-18
        111 Monument Circle, Suite 4600
        Indianapolis, IN 46204
        (317) 916-1300
        Fax: (317) 916-9076
        Email: kim.ebert@ogletreedeakins.com
              bonnie.martin@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Shaw R. Friedman
        Friedman & Associates, P.C.
        friedman@netnitco.net

        s/ Bonnie L. Martin
        Bonnie L. Martin, #20248-18
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        111 Monument Circle, Suite 4600
        Indianapolis, IN 46204
        (317) 916-1300
        Fax: (317) 916-9076
        Email: bonnie.martin@ogletreedeakins.com

5371429.1