UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIMBERLY MCCLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-113 AS |
| | ) | |
| T P ORTHODONTICS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On November 13, 2007, Defendants T P Orthodontics, *et al.,* (collectively "T P Orthodontics") filed a motion to disqualify. Plaintiff Kimberly McClain (McClain) responded in opposition to this motion and filed a motion for sanctions on November 27, 2007. The Court now enters its ruling on all pending matters.

**I.   PROCEDURE**

On March 22, 2006, McClain filed a charge of sex discrimination in violation of Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission. (Doc. No. 1-2) McClain's counsel, Shaw Friedman (Friedman), has represented McClain since at least that date.

On July 26, 2006, T P Orthodontics held its 2006 shareholder meeting. (Doc. No. 28-3 at 2) T P Orthodontics is a privately held corporation. (Id ) Friedman appeared at the shareholder meeting of T P Orthodontics and voted proxy for one of the minority shareholders. (Id.)

On March 19, 2007, McClain filed her complaint in this Court claiming, among other things, that she suffered sex discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 while working for T P Orthodontics. Friedman entered his appearance on

McClain's behalf on the day the complaint was filed and has remained counsel of record for McClain since that time.

On September 25, 2007, T P Orthodontics, now a named Defendant in the present litigation, held its 2007 shareholder meeting. (Id. at 3).  Friedman appeared again at this meeting and voted proxy for another minority shareholder of T P Orthodontics.  (Id.).

On November 13, 2007, T P Orthodontics filed a motion to disqualify Friedman as McClain's present counsel.  On November 27, 2007, McClain filed a response in opposition to this motion, and McClain also filed a motion for sanctions because T P Orthodontics is seeking to disqualify Friedman.  On December 6, 2007, T P Orthodontics filed a reply in support of its motion, and on December 12, 2007, T P Orthodontics filed a response in opposition to McClain's motion for sanctions.  This Court may rule on these matters pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

The issue this Court must resolve is whether Friedman should be disqualified as counsel for McClain because he has a concurrent conflict of interest.

**II.   ANALYSIS**

   A.   T P Orthodontic's Motion to Disqualify

The 7th Circuit warns that disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary." Cromley v. Bd. of Educ., 17 F.3d 1059, 1066 (7th Cir. 1994) (quoting Freeman v. Chi. Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)).  However, the 7th Circuit has also instructed that courts should resolve doubts in favor of disqualification.  See United States v. Goot, 894 F.2d 231, 235 (7th Cir. 1990).

The Local Rules of this Court utilize both the standards from the Rules of Professional Conduct as adopted by the Supreme Court of Indiana and the Standards for Professional Conduct as adopted by the 7th Circuit. See N.D.L.R. 83.5(f). In the 7th Circuit, the clearly settled test in disqualification matters is the "substantial relationship" test as established by T.C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F. Supp. 265, 268 (S.D.N.Y. 1953). Westinghouse Elec. Corp. v. Gulf Oil Corp., 588 F.2d 221, 223 (7th Cir. 1978).[1]

The substantial evidence test is often used in situations dealing with potential conflicts between a current client and a former client. See e.g. Exterior Systems, Inc. v. Noble Composites, Inc., 175 F. Supp. 2d 1112 (N.D. Ind. 2001). This situation is covered by Indiana Rule of Professional Conduct 1.9. However, other Courts have utilized the 7th Circuit's "substantial evidence" test when analyzing current conflicts of interests, such as in the current situation. See Gen-Cor, LLC v. Buckeye Corrugated, Inc., 111 F. Supp. 2d 1049, 1055 (S.D. Ind. 2000); SWS Fin. Fund A v. Salomon Bros. Inc., 790 F. Supp. 1392, 1401 (N.D. Ill. 1992). The reasoning for doing so is because the purpose behind preventing current conflicts, as encompassed in Indiana Rule of Professional Conduct Rule. 1.7, and potential conflicts, as encompassed in Indiana Rule of Professional Conduct 1.9, is the same: to protect confidences one client may have shared with an attorney and to safeguard loyalty as a feature of the attorney client-relationship. Id. The substantial evidence test is a means to ensure that both client confidences and loyalty are preserved, and therefore, it encompasses both Indiana Rules of Professional Conduct 1.7 and 1.9.

---

[1] Indiana courts also utilize a version of the substantial evidence test. Indiana v. Tippecanoe County Court, 432 N.E.2d 1377, 1378 (Ind. 1982) ("The test, . . . is that a lawyer must be disqualified if it is shown that the controversy involved in the pending case is substantially related to a matter in which the lawyer previously represented another client.").

The 7th Circuit's inquiry under the substantial relationship test is composed of a three part inquiry. First, this Court must make a factual reconstruction of the scope of the prior legal representation. Second, this Court must determine whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Third, this Court must determine whether that information is relevant to the issues raised in the litigation pending against the prior client. LaSalle Nat'l Bank v. Lake County, 703 F.2d 252, 255-56 (7th Cir. 1983); Exterior Systems, Inc., 175 F. Supp. 2d at 1115-16.

        1.     T P Orthodontics

The fulcrum of the dispute between T P Orthodontics and Friedman is whether Friedman actually represents or has a legal relationship with T P Orthodontics. T P Orthodontics claims that when Friedman appeared to vote by proxy for some minority shareholders, he entered into a relationship with or became entwined with T P Orthodontics. Friedman claims that voting a proxy for a minority shareholder of T P Orthodontics corporation is not the equivalent of representing the entire corporation.

An attorney-client relationship only exists after both the attorney and client have consented to its formation. Matter of Anonymous, 655 N.E.2d 67, 70 (Ind. 1995). Attorney-client relationships are formed when a person seeks legal advice or assistance, when the advice pertains to the attorney's professional competence, and when the attorney gives the desired advice. Id. In the present case, Friedman did not offer any advice to T P Orthodontics. There is no evidence that T P Orthodontics expected legal advice or representation from Friedman or that Friedman rendered legal advice or representation. Friedman's only action was to vote proxy for

4

minority shareholders at T P Orthodontic's shareholder meeting. A proxy is a grant of authority to exercise voting power and nothing more. Young v. General Acceptance Corp., 770 N.E.2d 298, 302 (Ind. 2002). Voting a proxy on behalf of a minority shareholder is insufficient to create an attorney-client relationship between Friedman and T P Orthodontics.

Because Friedman does not have, and never had, an attorney-client relationship with T P Orthodontics, he could not have learned any confidential information. And as a result, he could not use any confidential information against T P Orthodontics. Simply put, the lack of an attorney-client relationship between T P Orthodontics and Friedman ends this Court's analysis. This Court has no concern in issues of client loyalty and confidences when the party who lays claims to those issues is not a client.

2. The Minority Shareholders

Even if Friedman does not have, and never had, an attorney-client relationship with T P Orthodontics, T P Orthodontics argues that Friedman does have an attorney-client relationship with the minority shareholders for whom he voted as their proxy. As a result, T P Orthodontics argues that Friedman has learned confidential information that is relevant to issues in this litigation.

For purposes of the substantial evidence test, even if Friedman has an attorney-client relationship with the minority shareholders, and has obtained confidential information from them, disqualification is still not warranted because any confidential information Friedman acquired from them is not relevant, or only minutely relevant, to the pending litigation.

Relevance is gauged by the violations alleged in the complaint and the assessment of the evidence used to establish those allegations. Westinghouse Elec. Corp., 588 F.2d at 226 (7th

Cir. 1978). Any knowledge Friedman has about the minority shareholders has no effect upon the merits of this litigation. It states the obvious to say that the minority shareholders have no control over the corporation. As a result, while they have voting power, they have no unilateral control over corporate decisions. Any information the minority shareholders have about present and past employees, including McClain, or how T P Orthodontics is or should be operated is not relevant to the present litigation. While the minority shareholders may have some influence because they are the minority shareholders of T P Orthodontics, they alone have no ability to make the corporate decisions.

The only information that is even remotely relevant to issues in this litigation are the minority shareholder's financial interests. For example, if T P Orthodontics suffers an adverse judgment or is forced to pay a settlement, the minority shareholders might suffer financially. The minority shareholders might receive lower dividends, or the value of their corporate stock might decrease. These are speculative possibilities. Also, this effect will only have a small impact upon the overall financial stability of the minority shareholders.

Additionally, the financial concerns are simply too attenuated, speculative, and trivial to have any impact on any relevant decision made in the present litigation. It is doubtful, for example, that Friedman's judgment about an appropriate settlement offer might be clouded or affected because his clients <u>might</u> suffer <u>slight</u> financial implications with their stocks. A disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary." Cromley, 17 F.3d at 1066. If it was certain that the minority shareholders would suffer severe financial consequences based on decisions in this case, then disqualification might be appropriate. However, this situation is not present in this case, and as a result, the tenuous relevance of the minority shareholders interests is insufficient to warrant disqualification in this case.

6

In summary, under the substantial evidence test, this Court finds that Friedman and T P Orthodontics are not, and never have been, engaged in an attorney client relationship. As a result, Friedman has not acquired confidential information from T P Orthodontics, nor must he be loyal to it. As for the minority shareholders, any adverse financial percentage they might suffer is too attenuated and speculative to warrant the drastic remedy of disqualification. T P Orthodontic's motion to disqualify is **DENIED**.

> B. <u>McClain's Motion for Sanctions</u>

On November 27, 2007, McClain filed a motion for sanctions pursuant to Fed. R. Civ. P. 11(c). McClain claims that T P Orthodontic's motions was filed purely to harass McClain's counsel, and to delay discovery in this case from taking place. Fed. R. Civ. P. 11(c) provides:

> If . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b).

Under Fed. R. Civ. P. 11(b),

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that . . . . (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This Court has wide latitude in determining whether sanctions are appropriate under Fed. R. Civ. P. 11. <u>U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore</u>, 406 F.3d 465, 471 (7th Cir. 2005).

This Court finds that Fed. R. Civ. P. 11 sanctions are not appropriate. The basis for T P Orthodontic's motion for disqualification is based on a difficult and relatively novel area of the law. Indeed, there is relatively little case law or other authority on motions to disqualify. Furthermore, even though this Court has found that disqualification of Friedman is not appropriate, that does not mean the answer was clear or that T P Orthodontic's suspicion that

7

Friedman was engaged in a dual representation was unsubstantiated. This Court cannot conclude T P Orthodontics filed the motion to disqualify purely to harass Friedman or McClain.

Further, while McClain asserts that T P Orthodontics filed the motion in order to delay discovery in this case, there is insufficient evidence before this Court to agree with such a finding. McClain has not submitted any evidence in the form of email messages, letters, or otherwise to establish that T P Orthodontics has been dragging its feet in discovery. Without any objective evidence with which to assess McClain's claim of purposeful delay, this Court cannot find that T P Orthodontics has engaged in such tactics. McClain's motion for sanctions is **DENIED** [Doc. No. 38].

### III. CONCLUSION

Because Friedman is not, and never was, in an attorney-client relationship with T P Orthodontics, the motion to disqualify is **DENIED** [Doc. No. 31]. Also, because there is insufficient evidence to suggest that T P Orthodontics brought the motion to disqualify for purposes of harassment or delay, McClain's motion for sanctions is **DENIED** [Doc. No. 38]. Finally, the stay imposed by this Court is **LIFTED**.

**SO ORDERED.**

Dated this 17th Day of January, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
