UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIMBERLY MCCLAIN,              )
                                        )
        Plaintiff,           )
                                          )
v.                            )        CAUSE NO. 3:07-CV-113 JVB
                                          )
T P ORTHODONTICS, *et al.*,      )
                                          )
        Defendants.       )

## OPINION AND ORDER

Plaintiff and Defendants submitted a Stipulated Protective Order on April 18, 2008, requesting that this Court issue a protective order covering various information in the underlying litigation.  For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 51].  The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

I.     **APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire.  Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945).  In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records,

but must review all requests to seal documents in light of the public interest in the judicial

process. <u>Citizens</u>, 178 F.3d at 945 (citing <u>In re Krynicki</u>, 983 F.2d 74 (7th Cir.1992); Miller,

Arthur M., <u>Confidentiality, Protective Orders, and Public Access to the Courts</u>, 105 Harv. L.Rev.

427, 492 (1991)).

      When reviewing an agreed protective order seeking to seal documents produced in

discovery, this Court must ensure that "(1) the information sought to be protected falls within a

legitimate category of confidential information, (2) the information or category sought to be

protected is properly described or demarcated, (3) the parties know the defining elements of the

applicable category of confidentiality and will act in good faith in deciding which information

qualifies thereunder, and (4) the protective order explicitly allows any party and any interested

member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at

647 (citing <u>Citizens</u>, 178 F.3d at 946).

## II.   ANALYSIS

      While the parties' agreed protective order indicates that it complies with <u>Citizens</u>, it

actually does not.  The agreed protective order does not contain the **specific** language referring

to the public interest.  The right to intervene to challenge a closure order is rooted in the public's

well-established right of access to public proceedings."  <u>Jessup v. Luther</u>, 227 F.3d 993, 997 (7th

Cir. 2000).  In granting protective orders, judges are the "the primary representative[s] of the

public interest in the judicial process" and must require that a "protective order **explicitly** allows

any party and any interested member of the public to challenge the sealing of particular

documents." <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 945-46) (emphasis added).

The proposed order allows "any third party" to challenge the provisions of the Agreed Protective

2

Order, but the proposed order fails to allow any interested member of the public to challenge the sealing of particular documents. A third party is one who has some privity or liability with the cause of action. <u>See</u> Fed. R. Civ. P. 14. An interested member of the public may be a third party, but it is more likely that he would be a non-party and never face or seek to enforce liability in an action. Rather, that person is only interested in viewing materials he believes the public has a right to view, which is more or less an ancillary proceeding to the underlying cause of action. Therefore, the protective order's language regarding third parties is simply too vague, and cannot be imputed to encapsulate all interested members of the public so as to satisfy the requirements of <u>Citizens</u>. Consequently, the agreed motion for a protective order is **DENIED WITHOUT PREJUDICE** [Doc. No. 51]. The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.[1]

## III.   ANCILLARY MATTERS

On April 21, 2008, the Defendants filed several matters under seal with this Court. Under Local Rule 5.3(a), "no document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." This Court has not issued an order that authorizes anything to be sealed, and this Court is not aware of any statute that commands the materials to be sealed. Consequently, all of the documents filed on April 21, 2008, are **STRICKEN** and, to avoid an inadvertent disclosure of material that may ultimately be appropriately sealed, the documents are now **ORDERED RETURNED** to the Defendants. The

---

[1] The parties are instructed that a proposed form of order **must** be re-submitted along with each motion, even re-submitted motions. <u>See</u> N.D. L.R. 5.1(e) ("The filing of a motion or petition requiring the entry of a routine or uncontested order by the judge or the clerk shall be accompanied by a suitable form of order together with sufficient copies thereof for service upon all parties or their counsel."); General Order 2007-4, <u>User Manual for the United States District Court Northern District of Indiana</u>, Part II-F (indicating proposed order shall be in WordPerfect or Rich Text Format and emailed to appropriate chambers inbox).

Defendants may re-file their motions under seal **after** an appropriate Court order allowing the documents to be sealed has been entered.[2]

## IV.   CONCLUSION

The parties agreed motion for a protective order is **DENIED WITHOUT PREJUDICE** [Doc. No. 51].  The documents filed on April 21, 2008, are **STRICKEN**.  And the motion from April 21, 2008, "the emergency motion to seal" is **DENIED**.

**SO ORDERED.**

Dated this 2nd Day of May, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

---

[2]Defendants' counsel is instructed to first file her renewed motion for a protective order.  Once there has been Court action on that motion, then counsel may resubmit her emergency motion to seal.  The Court sympathizes with counsel's desire to have everything sealed immediately, but contemporaneously filing motions that are predicated upon motions that have not received Court action or orders that have not been entered is pre-emptive and confusing.