UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIMBERLY MCCLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-113 JVB |
| | ) | |
| T P ORTHODONTICS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On April 15, 2008, Plaintiff Kimberly McClain (McClain) filed a motion to take the deposition of a non-party. In response to that motion, Defendants TP Orthodontics, *et al.*, (collectively "TP Orthodontics") filed a motion for a protective order to prevent the deposition of the non-party. The Court enters the following ruling on all pending matters.

**I.   PROCEDURE**

On March 13, 2008, McClain deposed Defendant Cassia Campoy (Campoy). Campoy is a high ranking manager of TP Orthodontics. During that deposition, McClain learned of some facts regarding TP Orthodontics biggest client, Dr. Goldberg.

On April 15, 2008, McClain filed a motion seeking leave to conduct a deposition of Dr. Goldberg, a non-party, pursuant to Fed. R. Civ. P. 30(a)(2)(A). On May 23, 2008, TP Orthodontics filed a response in opposition to this motion. On that same day, TP Orthodontics also filed a motion for a protective order seeking to prevent any discovery from Dr. Goldberg pursuant to Fed. R. Civ. P. 26. On May 28, 2008, McClain filed a response to TP Orthodontics motion for a protective order, and on June 5, 2008, TP Orthodontics filed a reply in support of its motion.

All the relevant pleadings and documents in this case were sealed pursuant to the parties' agreed protective order entered on May 12, 2008, and this Court's May 20, 2008, order. This Court may rule on these matters pursuant to its referral order and 28 U.S.C. 636(b)(1)(A).

## II.   ANALYSIS

### A.   Relevant Standards

Fed. R. Civ. P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

Discovery under Rule 26, however, is not an invitation to the proverbial fishing expedition. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). "A district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

B.     TP Orthodontics' Motion for a Protective Order

TP Orthodontics' primary argument is that the deposition of Dr. Goldberg is not relevant to McClain's claims. TP Orthodontics claims that any information regarding McClain's interaction with Dr. Goldberg is not relevant because McClain did not complete any sales with Dr. Goldberg, and as a result, McClain is simply "fishing" for discovery by deposing one of TP Orthodontics' clients. Given the broad scope of relevancy for discovery, TP Orthodontics is fighting an uphill battle by claiming the discovery McClain seeks is not relevant. Discovery may not be relevant if it has only a speculative or tenuous connection to issues in the underlying litigation. See H.H. ex rel Hough v. Ind. Bd. of Special Educ., 2007 WL 2914461 at *5 (N.D. Ind. 2007). But such is not the case here.

McClain claims that she was terminated based on her sex and she suffered sexual harassment in violation of Title VII. Some of the issues include whether McClain was performing her duties satisfactorily and whether McClain suffered different employment terms or conditions because of her sex. See Griffin v. Sisters of Saint Francis, Inc., 489 F.3d 838, 844 (7th Cir. 2007); Clark County School Dist. v. Breeden, 532 U.S. 268, 270 (2001). McClain

3

claims that she helped develop Dr. Goldberg's TP Orthodontics account, and that TP Orthodontics frequently put McClain in contact with Dr. Goldberg because of her sex. Even assuming that McClain did not complete any actual sales with Dr. Goldberg, that does not mean he does not have relevant information relating to McClain's claims.  While sales numbers are one aspect of performing a sales job satisfactorily, it is not necessarily the only aspect.  McClain indicates that she was actively involved in "developing" the Dr. Goldberg account.  Presumably, that means McClain was interacting with Dr. Goldberg to help other members of TP Orthodontics complete an actual sale with Dr. Goldberg.  As a result, it is a reasonable possibility that Dr. Goldberg may provide relevant evidence regarding whether McClain was performing her job adequately, and he may even have evidence regarding whether McClain was deliberately put in contact with Dr. Goldberg, or had different employment terms, because of her sex. Even if Dr. Goldberg does not have such evidence, he may be able to point to other employees whom work with him that do have relevant information.  Consequently, this Court finds that discovery from Dr. Goldberg satisfies the broad relevancy requirements of Fed. R. Civ. P. 26.

      TP Orthodontics also claims that McClain is deposing Dr. Goldberg simply to harass him and TP Orthodontics.  TP Orthodontics' argument is based on McClain's counsel and his relationship with another adverse party to TP Orthodontics.  TP Orthodontics fears that McClain's counsel might inquire into sensitive business matters regarding its sales relationship with Dr. Goldberg, which McClain's counsel's other client may use against TP Orthodontics.  However, neither McClain nor her counsel has indicated it will seek such information.  Thus, TP Orthodontics' claim of harassment is purely a speculative fear.  Nonetheless, any inquiry

4

directed at Dr. Goldberg that is somehow not connected to McClain herself and instead probes into sensitive business matters does exceed the scope of relevancy for discovery. For example, the length of McClain's sales relationship with Dr. Goldburg is relevant, but the length of the relationship between Dr. Goldberg and TP Orthodontics is not relevant to McClain's claims against TP Orthodontics. Consequently, for purposes of clarity, even though McClain has not indicated she will seek information regarding TP Orthodontics relationship or business practices with Dr. Goldberg, this Court will **GRANT IN PART** TP Orthodontics' motion for a protective order. McClain may depose Dr. Goldberg, but McClain cannot direct inquires regarding the relationship between TP Orthodontics and Dr. Goldberg unless that inquiry somehow relates to McClain.[1]

Finally, TP Orthodontics' claim that the deposition will be overly burdensome is without merit. Even though Dr. Goldberg is not located in Indiana and counsel may have to travel out of state to conduct the deposition, the costs associated with such a deposition are simply a consequence of litigation. If McClain had sought several out of state depositions, TP Orthodontics may be able to suggest the depositions are becoming burdensome. However, conducting one deposition of a specific individual not located in Indiana is not overly burdensome.

### III.   CONCLUSION

TP Orthodontics' motion for a protective order is **GRANTED IN PART** and **DENIED IN PART** and McClain's motion to depose Dr. Goldberg is **GRANTED**. Dr. Goldberg may

---

[1] To the extent McClain wants to test Campoy's credibility with questions directed at Dr. Goldberg, McClain will be able to sufficiently test Campoy's credibility regardless of this limitation.

have information that is relevant to McClain's claim against TP Orthodontics.  Consequently, McClain may depose Dr. Goldberg.  However, McClain shall not inquire into the relationship between TP Orthodontics and Dr. Goldberg.

**SO ORDERED.**

Dated this 16th Day of June, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
